UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| MILLE LACS BAND OF OJIBWE, a federally recognized Indian tribe; SARA RICE, in her official capacity as the Mille Lacs Band Chief of Police; and DERRICK NAUMANN, in his official capacity as Sergeant of the Mille Lacs Band Police Department,<br><br>        Plaintiffs,<br><br>v.<br><br>COUNTY OF MILLE LACS, MINNESOTA; JOSEPH WALSH, individually and in his official capacity as County Attorney for Mille Lacs County; and BRENT LINDGREN, individually and in his official capacity as Sheriff of Mille Lacs County,<br><br>        Defendants. | COMPLAINT |

1.  **Plaintiffs.**  Plaintiff, the Mille Lacs Band of Ojibwe ("Band") is a federally recognized Indian tribe. Plaintiff Sara Rice is an enrolled member of the Mille Lacs Band, the Chief of the Mille Lacs Band Police Department, and a peace officer licensed by the Minnesota Board of Police Officer Standards and Training. Plaintiff Derrick Naumann is a Sergeant of the Mille Lacs Band Police Department, a peace officer licensed by the Minnesota Board of Police Officer Standards and Training, and holds a Special Law Enforcement Commission issued by the United States Bureau of Indian Affairs.

2.     **Defendants.**  Defendant County of Mille Lacs ("County") is a county located in the State of Minnesota.  Under Minnesota law, the County may sue and be sued.  Defendant Joseph Walsh is the County Attorney for Mille Lacs County.  The County Attorney is an elected County official.  Defendant Brent Lindgren is the Sheriff of Mille Lacs County.  The Sheriff is an elected County official.

3.     **Jurisdiction.**  The Court has jurisdiction over this action under 28 U.S.C. §§ 1331 and 1362.  This is a civil action arising under the Constitution, laws and treaties of the United States, and it is brought by an Indian band with a governing body duly recognized by the Secretary of the Interior.  Plaintiffs seek declaratory and injunctive relief to prevent continuing violations of federal law by Defendants.

4.     **Venue.**  Venue is proper in the District of Minnesota under 28 U.S.C. § 1391(b).  All Defendants reside in the District of Minnesota, and all of Defendants' actions or omissions giving rise to Plaintiffs' claim described herein occurred within the District of Minnesota.

5.     **Statement of the Claim.**

   A.     The Mille Lacs Indian Reservation ("Reservation") was established in 1855 by Article 2 of the Treaty with the Chippewa, 10 Stat. 1165 (Feb. 22, 1855).  The Reservation comprises approximately 61,000 acres of land.  The United States owns approximately 3,572 acres of land within the Reservation in trust for the Band, the Minnesota Chippewa Tribe and Band members ("trust lands").  In addition, the Band owns approximately 6,038 acres within the Reservation in fee simple and, as of February 2015, Band members owned approximately 84 acres within the Reservation in fee simple (collectively, "Band fee lands").

B.  The boundaries of the Reservation as established in 1855 have not been disestablished or diminished.  In particular, the Treaty with the Chippewa of the Mississippi and the Pillager and Lake Winnibigoshish Bands, 12 Stat. 1249 (Mar. 11, 1863), and the Treaty with the Chippewa, Mississippi, and Pillager and Like Winnibigoshish Bands, 13 Stat. 693 (May 7, 1864), preserved the Reservation for the Mille Lacs Band, and the Act of January 14, 1889, 25 Stat. 642 (known as the Nelson Act) did not disestablish or diminish the Reservation or alter the Reservation's boundaries.

C.  All lands within the Reservation as established in 1855 are Indian country within the meaning of 18 U.S.C. § 1151.

D.  Approximately 1,850 Band members live within the Reservation.  Some Band members live on trust lands while others live on Band fee lands.

E.  The Band's government center, which includes the offices of the Band's Chief Executive, the Band Assembly (the legislative branch of Band government) and the Band's court, is located within the Reservation.  The Band owns and operates schools, health clinics, community centers, housing, water and wastewater infrastructure, and other facilities within the Reservation.  The Band also owns and operates a major gaming and entertainment complex and other commercial establishments within the Reservation.  Some of these facilities are located on trust lands, while others are located on Band fee lands.

F.  The Reservation is located within Mille Lacs County.  The Band's government and commercial operations within Mille Lacs County employ approximately 2,000 people, including many non-Band members.

G. Under 18 U.S.C. § 1162, the United States, the Band and the State of Minnesota each have certain criminal and law enforcement jurisdiction within the Reservation.

H. As a matter of federal common law, the Band possesses inherent sovereign authority to establish a police force and to authorize Band police officers to investigate violations of federal, state and tribal law within the Reservation. Also as a matter of federal common law, the Band possesses inherent sovereign authority to authorize its police officers to apprehend suspects and turn them over to jurisdictions with criminal prosecutorial authority. The scope of the Band's inherent law enforcement authority is an issue of federal law.

I. Under Band law, the Band established and maintains a police department authorized to promote public safety, protect members of the Band and Band property, preserve the peace, and work with other law enforcement agencies to promote the peace. The Band has authorized its law enforcement officers to make arrests and to carry handguns, other firearms, and other weaponry for their personal protection and the protection of others.

J. The police officers employed by the Band's police department are all peace officers licensed by the Minnesota Board of Police Officer Standards and Training.

K. The United States has concurrent criminal jurisdiction within the Reservation under 18 U.S.C. § 1162(d). In December 2016, the United States Bureau of Indian Affairs entered into a Deputation Agreement with the Band and subsequently issued Special Law Enforcement Commissions (SLECs) to Band police officers under 25 U.S.C. §§ 2801 and 2804. Pursuant to the Deputation Agreement, the SLECs and federal law, Band police officers have authority to investigate violations of federal law throughout the Reservation and to arrest suspects (including Band members and non-Band members) as federal law enforcement officers. Plaintiff Naumann,

along with other licensed peace officers employed by the Band's Police Department, holds an SLEC from the Bureau of Indian Affairs issued under the Deputation Agreement. The authority possessed by Band police officers under the Deputation Agreement and the SLECs is an issue of federal law.

L.   According to statistics published by the Minnesota Bureau of Criminal Apprehension, Mille Lacs County had the highest crime rate of any county in Minnesota during 2015 and 2016. Within Mille Lacs County, a disproportionate amount of criminal activity occurs within the Reservation. Criminal activity within the Reservation is not limited to trust lands, but takes place on Band and non-Band member fee lands as well.

M.   Defendants Mille Lacs County, the County Attorney and the County Sheriff assert that Band police officers have no law enforcement authority within the Reservation except on trust lands. Those assertions are contrary to federal law.

N.   Defendants Mille Lacs County, the County Attorney and the County Sheriff assert that Band police officers have no authority to investigate violations of federal, state or tribal law by non-Band members, even on trust lands. Those assertions are contrary to federal law.

O.   The County Attorney has threatened Band police officers, including Plaintiffs Rice and Naumann, with arrest and prosecution if they exercise law enforcement authority on non-trust lands within the Reservation or with respect to non-Band members. Those threats have deterred Plaintiffs Rice and Naumann and other Band police officers from exercising law enforcement authority they possess as a matter of federal law.

P.   The County Attorney has asserted that he will not prosecute criminal cases based on investigations conducted, or evidence gathered, by Band police officers on non-trust lands

within the Reservation or with respect to non-Band members. Those assertions are based on an erroneous understanding of the authority possessed by Band law enforcement officers under federal law and have deterred Plaintiffs Rice and Naumann and other Band police officers from exercising the authority they possess as a matter of federal law.

Q. The County Sheriff and the County Attorney have instructed the Sheriff's deputies not to arrest suspects apprehended by Band police officers exercising their inherent tribal and federally delegated law enforcement authority. Those instructions are based on an erroneous understanding of the authority possessed by Band law enforcement officers under federal law and have deterred Plaintiffs Rice and Naumann and other Band police officers from exercising the authority they possess as a matter of federal law.

R. Defendants' assertions, threats of prosecution and instructions, as set forth above, have been made or issued by the County Attorney and/or the County Sheriff on behalf of the County and are the official custom or policy of the County.

S. Defendants' assertions, threats of prosecution and instructions, as set forth above, have deterred Band police officers from exercising law enforcement authority conferred upon them by the Band pursuant to: (1) the Band's inherent authority under federal law; (2) the Deputation Agreement between the Band and the Bureau of Indian Affairs; and (3) the SLECs issued to Band police officers by the Bureau of Indian Affairs.

T. Defendants, through the assertions, threats of prosecution and instructions set forth above have deterred Band police officers from responding to criminal activity within the Reservation, including drug trafficking, gang activity and violence that threatens the safety, health, welfare and well-being of Band and non-Band members who live and work within, and visit, the

Reservation. Defendants' assertions, threats of prosecution and instructions, as set forth above, have interfered with the lawful exercise of federal and tribal law enforcement authority.

U.  Defendants' assertions, threats of prosecution and instructions, as set forth above, are contrary to federal law.

V.  Defendants' assertions, threats of prosecution and instructions, as set forth above, create a concrete and particularized dispute over the scope of law enforcement authority possessed by Band police officers under federal law, which is ripe for resolution by this Court.

### Demand for Relief

1. Pursuant to 28 U.S.C. § 2201, Plaintiffs request that the Court declare that:

A.  As a matter of federal law, the Band possesses inherent sovereign authority to establish a police department and to authorize Band police officers to investigate violations of federal, state and tribal law within the Mille Lacs Indian Reservation as established in Article 2 of the Treaty with the Chippewa, 10 Stat. 1165 (Feb. 22, 1855), and, in exercising such authority, to apprehend suspects (including Band and non-Band members) and turn them over to jurisdictions with prosecutorial authority; and

B.  Pursuant to 18 U.S.C. § 1162(d), 25 U.S.C. §§ 2801 and 2804, the Deputation Agreement between the Band and the Bureau of Indian Affairs, and the SLECs issued to Band police officers by the Bureau of Indian Affairs, Band police officers have federal authority to investigate violations of federal law within the Mille Lacs Indian Reservation as established in Article 2 of the Treaty with the Chippewa, 10 Stat. 1165 (Feb. 22, 1855), and, in exercising such authority, to arrest suspects (including Band and non-Band members) for violations of federal law.

2.     Plaintiffs further request that the Court enjoin Defendants from taking or failing to take any actions that interfere with the authority of Band police officers as declared by the Court.

3.     Plaintiffs further request an award of their costs and attorneys' fees in this action.

Dated: November 17, 2017

                s/ Marc D. Slonim
Marc Slonim, WA Bar # 11181 (*pro hac vice* pending)
Beth Baldwin, WA Bar # 46018 (*pro hac vice* pending)
Ziontz Chestnut
2101 4th Avenue, Suite 1230
Seattle, WA 98121
Phone: (206) 448-1230
mslonim@ziontzchestnut.com
bbaldwin@ziontzchestnut.com

                s/ Todd R. Matha
Todd R. Matha
MN Att'y Registration No. 391968
Solicitor General of the Mille Lacs Band
43408 Oodena Drive
Onamia, MN 56359
Phone: (320) 532-4181
Todd.Matha@millelacsband.com

*Attorneys for Plaintiffs*