# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

| | |
|---|---|
| Mille Lacs Band of Ojibwe, a federally recognized Indian Tribe; Sara Rice, in her official capacity as the Mille Lacs Band Chief of Police; and Derrick Naumann, in his official capacity as Sergeant of the Mille Lacs Police Department,<br><br>　　　　　Plaintiffs,<br><br>v.<br><br>County of Mille Lacs, Minnesota; Joseph Walsh, individually and in his official capacity as County Attorney for Mille Lacs County; and Don Lorge, individually and in his official capacity as Sheriff of Mille Lacs County,<br><br>　　　　　Defendants. | Case No. 17-cv-5155-SRN-LIB<br><br><br><br>**ORDER ON DEFENDANTS' OBJECTION TO MAGISTRATE JUDGE'S LETTER ORDER OF JULY 19, 2019** |

Charles N. Nauen, Arielle Wagner, and David J. Zoll, Lockridge Grindal Nauen PLLP, 100 Washington Ave. S., Ste. 2200, Minneapolis, MN 55401; Beth Ann Baldwin, Marc D. Slonim, and Wyatt Golding, Ziontz Chestnut, 2101 Fourth Ave., Ste. 1230, Seattle, WA 98121, for Plaintiffs

Courtney E. Carter and Randy V. Thompson, Nolan, Thompson, Leighton & Tataryn, PLC, 5001 American Blvd. W., Ste. 595, Bloomington, MN 55437, for Defendant County of Mille Lacs, Minnesota

Scott M. Flaherty and Scott G. Knudson, Briggs & Morgan, PA80 S. 8th St., Ste. 2200, Minneapolis, MN 55402, for Defendant Joseph Walsh

Brett D. Kelley, Douglas A. Kelley, and Steven E. Wolter, Kelley, Wolter & Scott, P.A., 431 S. 7 St., Ste. 2530, Minneapolis, MN 55415, for Defendant Don Lorge.

SUSAN RICHARD NELSON, United States District Judge

This matter is before the Court on the Objection [Doc. No. 73] filed by Defendants County Attorney Joseph Walsh and Sheriff Don Lorge to the July 19, 2019 Letter Order [Doc. No. 72] ("the Order") of Magistrate Judge Leo I. Brisbois. In the Order, the magistrate judge denied Defendants' letter request (*see* Defs.' June 20, 2019 Letter [Doc. No. 68]) for leave to file dispositive motions prior to the September 30, 2019 close of fact discovery. For the reasons set forth below, the Court overrules the Defendants' Objection and affirms the Order.

## I. BACKGROUND

In brief, this case concerns the boundaries of the Mille Lacs Indian Reservation and the law enforcement authority of the Mille Lacs Band within those boundaries.[1] Because the objections in question concern a procedural matter, the Court confines its discussion to the facts necessary to explain its ruling.

The pretrial scheduling order in this case provides a deadline of September 30, 2019 for the parties to complete fact discovery. (Am. Pretrial Sched. Order [Doc. No. 60] ¶ I.) In addition, it requires the parties to contact the undersigned judge's chambers no later than May 1, 2020 to schedule a hearing for dispositive motions. (*Id.* ¶ X.)

In a June 20, 2019 letter to Magistrate Judge Brisbois, Defendants Walsh and Lorge requested leave to file dispositive motions prior to the September 30, 2019 close of fact discovery. (Defs.' June 20, 2019 Letter at 1–3.) They sought to move for summary

---

[1] A more detailed recitation of the facts in this case is found in the Court's September 19, 2018 Order [Doc. No. 46].

judgment on the following issues: (1) various forms of immunity, including prosecutorial immunity, Eleventh Amendment immunity, and qualified immunity; (2) lack of subject matter jurisdiction; (3) *Younger* abstention; and (4) that official-capacity claims against Walsh and Lorge are redundant as a matter of law because claims against Defendant Mille Lacs County also bind both Walsh and Lorge. (*Id.* at 1.) Walsh and Lorge argued that no discovery remains as to these issues, (*id.*), and judicial efficiency favors the early resolution of these issues. (*Id.* at 2–3.) They further asserted that the "needless burden to the taxpayers of Mille Lacs County" resulting from "[t]he addition of the county attorney and [county] sheriff" as defendants in the case warrants prompt resolution. (*Id.* at 2.)

Plaintiffs opposed the request on several grounds, and instead proposed that any early dispositive motions be filed immediately after the close of fact discovery. (Pls.' July 3, 2019 Letter [Doc. No. 70] at 1.) They first noted that several of the dispositive issues that Walsh and Lorge seek to raise are intertwined with Plaintiffs' proposed summary judgment cross motions on certain of Defendants' affirmative defenses.[2] (*Id.*) And, Plaintiffs argued, at least some of the defenses for which Walsh and Lorge seek early dispositive motion practice are dependent on facts that have been a focus of fact discovery, which remains underway. (*Id.* at 1–2.) Thus, even if Defendants filed their early dispositive motions, Plaintiffs asserted that they would likely seek an extension of time in which to respond until the completion of fact discovery. (*Id.*)

---

[2] Specifically, Plaintiffs propose to seek summary judgment on the following defenses: (1) statutes of limitations, laches and waiver; (2) principles of federalism, separation of powers, prosecutorial authority, sovereign rights of the State and its subdivisions, constitutional rights of citizens and federal structure; (3) illegality; and (4) public policy doctrine. (*Id.*)

3

In addition, they asserted that they would be hard-pressed to file and respond to early summary judgment motions in this short timeframe. (*Id.*) They would need time to review Defendants' responses to contention interrogatories prior to preparing their cross motion, (*id.* at 2), and they were otherwise occupied with expert witnesses in order to meet the September 1, 2019 expert report deadline. (*Id.*)

Plaintiffs further noted that Walsh and Lorge did not move to dismiss on any of the legal grounds for which they now claim early dispositive motion practice is warranted. (*Id.* at 2–3.) Finally, as a practical matter, Plaintiffs argued that given the timeframes necessary to schedule a hearing and brief dispositive motions, it appeared unlikely that the Court could rule on their motions before the completion of fact discovery in any event. (*Id.*)

Magistrate Judge Brisbois agreed with Plaintiffs that given the "short window of time remaining" in fact discovery, there were no material efficiencies to be gained, and no inordinate burdens to be avoided by any party were he to permit the filing of early dispositive motions. (Order at 2.) Moreover, he noted that allowing the completion of fact discovery will avoid the possibility of any Rule 56(d) motions filed by Plaintiffs, by which they might otherwise seek additional time or a deferred ruling in order to obtain the facts necessary to respond to an early dispositive motion. (*Id.*)

The magistrate judge therefore denied the request without prejudice and directed the parties to proceed with fact discovery. (*Id.*) He advised the parties that, once fact discovery is completed, if either side believes that early dispositive motion practice prior to the current May 1, 2020 scheduled-by date is advisable, the parties shall meet and

4

confer in order to file a joint request for early dispositive motions, not dependent upon the completion of expert discovery. (*Id.*) Magistrate Judge Brisbois further directed the parties to seek any such relief no later than October 25, 2019. (*Id.*)

In their timely-filed Objection, Defendants argue that the magistrate judge's decision was in clear error and contrary to law. They argue that immunity is no ordinary defense, but is "designed to prevent litigation itself, not later damages awards" and must be resolved at the earliest opportunity. (Defs.' Obj. at 3) (citing *Myers v. Morris*, 810 F.2d 1437, 1441 (8th Cir. 1987)). Likewise, Defendants argue, issues of abstention and subject matter jurisdiction must be quickly resolved. (*Id.* at 4.)

## II. DISCUSSION

A district court's review of a magistrate judge's order on a nondispositive matter, such as the underlying motion, is "extremely deferential." *Coons v. BNSF Ry. Co.*, 268 F. Supp. 3d 983, 991 (D. Minn. 2017) (citing *Reko v. Creative Promotions, Inc.*, 70 F. Supp.2d 1005, 1007 (D. Minn. 1999)). The Court will reverse such a ruling only if it is "clearly erroneous or contrary to law." 28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72(a); L.R. 72.2(a).

The Court finds that Magistrate Judge Brisbois' ruling was neither clearly erroneous, nor contrary to law. The Court agrees with the magistrate judge that the completion of fact discovery will lessen the prospect of a nonmoving party seeking relief from summary judgment motions based on unavailable facts, pursuant to Fed. R. Civ. P. 56(d). Defendants sought permission to file early dispositive motions when the parties were still in the midst of discovery. As Plaintiffs note, discovery has focused on the actions taken by

5

each Defendant as it relates to the exercise of Plaintiffs' law enforcement authority, and is still underway. (Baldwin Decl. [Doc. No. 75] ¶¶ 2, 5.) The Court is unpersuaded by Defendants' argument that no additional discovery is needed concerning Defendants' proposed early motions. To the contrary, it appears that still-pending discovery is relevant to Defendants' claimed immunities, the application of *Younger* abstention, and the alleged redundancy of Plaintiffs' claims. (*See* Pls.' Opp'n to Obj. [Doc. No. 74] at 3; Baldwin Decl. ¶ 2(a)-(b).) Defendants have also propounded discovery requests to Plaintiffs that remain pending. (Baldwin Decl. ¶¶ 11–12.)

Moreover, in a recent communications between the parties, Defendants informed Plaintiffs that they would complete their document productions to Plaintiffs by mid-October 2019, with the exception of one category of documents that the Sheriff would use "best efforts" to complete by December 1, 2019. (*Id.* ¶¶ 9–10.) The parties have since agreed to seek an extension until February 28, 2020 to complete fact discovery. (*Id.*) Defendants failed to note any of these discussions about deadline extensions in their Objections. This need for additional time to respond to pending discovery strongly suggests that early dispositive motion practice would not serve the interest of judicial efficiency.

Defendants cite authority ostensibly for the proposition that the refusal to permit summary judgment on immunity defenses prior to the close of fact discovery is contrary to law. (Defs.' Obj. at 2–3.) But the authority on which they rely is inapposite, as it involves the appealability of orders denying immunity on summary judgment or the refusal to rule on immunity defenses until trial. *See, e.g., Hinshaw v. Smith*, 436 F.3d 997, 1002 (8th Cir. 2006) (finding denial of summary judgment motion based on immunity defense was a

reviewable interlocutory order); *Myers*, 810 F.2d at 1440 (involving interlocutory appeals of summary judgment orders on absolute and qualified immunity); *Craft v. Wipf*, 810 F.2d 170, 173 (8th Cir. 1987) (remanding matter where district court did not rule on qualified immunity on summary judgment); *Aaron v. Shelley*, 624 F.3d 882 (8th Cir. 2010) (involving an interlocutory appeal of district court's denial of summary judgment on issue of qualified immunity); *Brown v. Nix*, 33 F.3d 951, 953 (8th Cir. 1994) (noting that the denial of a claim of qualified immunity on a motion for summary judgment, to the extent it turns on a question of law, is an appealable final judgment). Here, however, the Court is not denying Defendants the opportunity to move for summary judgment on their immunity claims, *Younger* abstention, or subject matter jurisdiction. Rather, the magistrate judge has merely declined to alter the Pretrial Scheduling Order at this time to permit Defendants to file *early* dispositive motions, before the close of fact discovery. His denial of the request was without prejudice, and Defendants may certainly file their summary judgment motions before trial.

Moreover, while Walsh and Lorge argue that questions of immunity must be resolved now in order to avoid the burden and expense of pretrial discovery, Defendants apparently chose not to move for dismissal on immunity grounds at the outset of the case. Instead, they participated in the Rule 26 scheduling process, and have continued to participate in discovery.

In addition, as Plaintiffs note, because Walsh and Lorge do not seek to dismiss claims against Mille Lacs County, the dismissal of Walsh and Lorge on grounds of immunity would not relieve the individual Defendants of the burden of participating in

7

discovery. The County would still be obliged to request documents and information from them in order to respond to Plaintiffs' discovery requests, *see* Fed. R. Civ. P. 34(a)(1)(A), or they would be subject to third-party discovery. *See* Fed. R. Civ. P. 45.

Finally, although the parties addressed some of the merits of Defendants' immunity defenses, the magistrate judge did not consider these arguments in his ruling, (Order at 1, n.1), and they are therefore not properly before this Court.

For the reasons set forth above, the Court finds that Magistrate Judge Bribois' July 19, 2019 Order is neither contrary to law nor clearly erroneous. Defendants' Objection is therefore overruled.

**III. ORDER**

Based on the submissions and the entire file and proceedings herein, **IT IS HEREBY ORDERED** that:

1. Defendants' Objection [Doc. No. 73] to the July 19, 2019 Order is **OVERRULED**; and

2. The magistrate judge's July 19, 2019 Order [Doc. No. 72] is **AFFIRMED**.

Dated: August 22, 2019                    s/Susan Richard Nelson
                                          SUSAN RICHARD NELSON
                                          United States District Judge