# UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

| | |
|---|---|
| Mille Lacs Band of Ojibwe, a federally recognized Indian Tribe; Sara Rice, in her official capacity as the Mille Lacs Band Chief of Police; and Derrick Naumann, in his official capacity as Sergeant of the Mille Lacs Police Department,<br><br>                     Plaintiffs,<br><br>v.<br><br>County of Mille Lacs, Minnesota; Joseph Walsh, individually and in his official capacity as County Attorney for Mille Lacs County; and Donald J. Lorge, individually and in his official capacity as Sheriff of Mille Lacs County,<br><br>                     Defendants. | Case No. 17-cv-05155 (SRN/LIB)<br><br><br>**ORDER** |

Anna Brady, Beth Ann Baldwin, Marc D. Slonim, and Wyatt Golding, Ziontz Chestnut, 2101 Fourth Avenue, Suite 1230, Seattle, WA 98121; and Arielle Wagner, Charles N. Nauen, and David J. Zoll, Lockridge Grindal Nauen P.L.L.P., 100 Washington Avenue South, Suite 2200, Minneapolis, MN 55401, for Plaintiffs.

Brett D. Kelley, Kelley, Wolter & Scott, P.A., 431 South Seventh Street, Suite 2530, Minneapolis, MN 55415; Courtney E. Carter and Randy V. Thompson, Nolan Thompson Leighton & Tataryn PLC, 1011 First Street South, Suite 410, Hopkins, MN 55343; and Scott M. Flaherty and Scott G. Knudson, Taft Stettinius & Hollister LLP, 80 South Eighth Street, Suite 2200, Minneapolis, MN 55402, for Defendant County of Mille Lacs, Minnesota.

Scott M. Flaherty and Scott G. Knudson, Taft Stettinius & Hollister LLP, 80 South Eighth Street, Suite 2200, Minneapolis, MN 55402, for Defendant Joseph Walsh.

Brett D. Kelley, Douglas A. Kelley, Stacy Lynn Bettison, and Steven E. Wolter, Kelley, Wolter & Scott, P.A., 431 South Seventh Street, Suite 2530, Minneapolis, MN

55415; and Scott M. Flaherty and Scott G. Knudson, Taft Stettinius & Hollister LLP, 80 South Eighth Street, Suite 2200, Minneapolis, MN 55402, for Defendant Donald J. Lorge.

SUSAN RICHARD NELSON, United States District Judge

In their Motion for Partial Summary Judgment [Doc. No. 223], Plaintiffs alerted the Court to a potential jurisdictional defect arising from Defendant Joseph Walsh and Donald Lorge's Notice of Appeal [Doc. No. 218]. Plaintiffs assert that Walsh and Lorge's interlocutory appeal, taken from this Court's Order [Doc. No. 217] denying their Motion for Summary Judgment on certain immunity defenses, divests this Court of jurisdiction to consider the pending summary judgment cross-motions regarding cession of the Mille Lacs Reservation. The Court heard argument on this jurisdictional issue at the March 15, 2021 motion hearing, and ordered supplemental briefing from the parties. (Order [Doc. No. 275].) Having fully considered the parties' arguments and submissions herein, and for the reasons that follow, the Court finds that it lacks subject-matter jurisdiction over the pending cross-motions, and will therefore stay this matter until the resolution of Walsh and Lorge's appeal.

## I.    BACKGROUND

Plaintiffs are the Mille Lacs Band of Ojibwe, Mille Lacs Band Chief of Police Sara Rice, and Sergeant Derrick Naumann (collectively, "the Band"). The Band brought suit against the County of Mille Lacs, Mille Lacs County Attorney Joseph Walsh, and Sheriff Donald Lorge (collectively, "the County") seeking declaratory and injunctive relief regarding the Band's law enforcement authority within the Mille Lacs Reservation. (*See*

*generally* Compl. [Doc. No. 1].) An integral part of the parties' dispute concerns whether the Mille Lacs Reservation was disestablished by various treaties and statutes in the late 1800s.

On December 21, 2020, the Court ruled on several early summary judgment motions filed by the parties. (*See* Mem. Op. & Order [Doc. No. 217].) In the December 21 Order, the Court found that it has federal-question jurisdiction over this matter, and that the Band's claims are justiciable. (*Id.* at 25-35.) The Court also found that Walsh and Lorge are not entitled to immunity from suit under the Tenth or Eleventh Amendment, that absolute prosecutorial immunity does not apply to the Band's claims, and that *Younger* abstention and federalism and comity principles do not bar the Band's suit against Walsh and Lorge. (*Id.* at 36-46.) Walsh and Lorge appealed the Court's December 21 Order to the Eighth Circuit Court of Appeals under the collateral order doctrine. (*See* Notice of Appeal [Doc. No. 218].)

Subsequently, the parties filed cross-motions for summary judgment regarding whether the Mille Lacs Reservation has been disestablished or diminished. In its motion, the Band raised its concern that Walsh and Lorge's Notice of Appeal divests this Court of jurisdiction to rule on the disestablishment issue. (Mot. for Partial Summ. J. [Doc. No. 223], at 1 n.1.) The Court heard argument on the jurisdictional question, invited supplemental briefing, and now must determine whether it retains subject-matter jurisdiction over the pending summary judgment motions despite Walsh and Lorge's appeal.

## II.    DISCUSSION

As a general rule, "[a] federal district court and a federal court of appeals should not attempt to assert jurisdiction over a case simultaneously. The filing of a notice of appeal is an event of jurisdictional significance—it confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in the appeal." *United States v. Ledbetter*, 882 F.2d 1345, 1347 (8th Cir. 1989) (quoting *Griggs v. Provident Consumer Discount Co.*, 459 U.S. 56, 58 (1982) (per curiam)). Once a notice of appeal has been filed, "the federal district court cannot take any action that would 'alter the status of the case as it rests before the Court of Appeals.'" *Knutson v. AG Processing, Inc.*, 302 F. Supp. 2d 1023, 1030 (N.D. Iowa 2004) (quoting *Dayton Indep. Sch. Dist. v. U.S. Mineral Prods. Co.*, 906 F.2d 1059, 1063 (5th Cir. 1990)); *see generally* Allan Ides, *The Authority of a Federal District Court to Proceed After A Notice of Appeal Has Been Filed*, 143 F.R.D. 307, 308 (1992) ("Stated broadly, the district court may not take any action that would 'alter the status of the case as it rests before the Court of Appeals.' Thus, once a notice of appeal has been filed, a district court may not grant leave to amend a complaint, grant a motion for summary judgment, reconsider a prior disposition of a motion, dismiss a case pursuant to a stipulation of settlement, enjoin a state court action, materially amend an opinion or order, vacate a dismissal, and so forth." (footnotes and citations omitted)).

The Eighth Circuit has explained that this jurisdictional transfer principle serves two purposes: "First, it promotes judicial economy for it spares a trial court from considering and ruling on questions that possibly will be mooted by the decision of the court of appeals. Second, it promotes fairness to the parties who might otherwise have to fight a confusing

'two front war' for no good reason, avoiding possible duplication and confusion by allocating control between forums." *Ledbetter*, 882 F.2d at 1347 (citation omitted).

But the jurisdictional transfer principle is not absolute. Importantly, "the 'principle does not divest the district court of all jurisdiction—but rather, *only jurisdiction over the matters appealed*.'" *Follis v. Minnesota*, No. CIV. 08-1348 (JRT/RLE), 2008 WL 5424127, at *3 (D. Minn. Dec. 29, 2008) (adopting report and recommendation) (quoting *Knutson*, 302 F. Supp. 2d at 1031) (emphasis added). Thus, "[t]he district court retains jurisdiction to adjudicate matters collateral, or tangential, to the appeal." *Id.* (same). *Compare Harmon v. U.S. Through Farmers Home Admin.*, 101 F.3d 574, 587 (8th Cir. 1996) (holding that the district court retained jurisdiction to consider an award of attorney's fees because the issue of attorney's fees was not the basis for the appeal, and was not before the appellate court), *with Follis*, 2008 WL 5424127 (holding, where the plaintiff appealed the court's order denying the plaintiff's motion for a temporary restraining order and permanent injunction, that the court lacked jurisdiction to consider the defendant's motion to dismiss, which asserted (in part) that the order denying the permanent injunction rendered the Complaint *res judicata*).

In the case of interlocutory appeals, an appeal from an interlocutory order under the collateral order doctrine generally does not wholly deprive the district court of jurisdiction to proceed in the case—so long as subsequent motions do not threaten to disturb the "status of the case on appeal," such as by presenting the same issues involved in the appeal.[1] Where

---

[1] *See W. Pub. Co. v. Mead Data Cent., Inc.*, 799 F.2d 1219, 1229 (8th Cir. 1986) ("[T]he pendency of an interlocutory appeal from an order granting or denying a

the interlocutory appeal is premised on a claim to immunity, however, district courts

generally must stay any ruling on the merits of the case pending resolution of the appeal.

As the Eighth Circuit observed in *Johnson v. Hay*, "[o]nce a notice of appeal has been filed

in a case in which there has been denial of a summary judgment motion raising the issue

of qualified immunity, the district court should then stay its hand. Jurisdiction has been

vested in the court of appeals and the district court should not act further." 931 F.2d 456,

459 n.2 (8th Cir. 1991). Consistent with that instruction, district courts often stay

proceedings once a defendant has appealed the district court's denial of a claim to

immunity—even where the case involves co-defendants without a claim to immunity.[2]

---

preliminary injunction does not wholly divest the District Court of jurisdiction over the entire case.") (dicta); *Janousek v. Doyle*, 313 F.2d 916, 920 (8th Cir. 1963) ("[W]here . . . the appeal is from an interlocutory order denying a motion for preliminary injunction, . . . the filing of the notice of appeal from such an order does not ipso facto divest the district court of jurisdiction to proceed with the cause with respect to any matter not involved in the appeal, or operate to automatically stay other proceedings in the cause pending the appeal."); *see also Chambers v. Pennycook*, 641 F.3d 898, 903 (8th Cir. 2011) (holding that the district court retained jurisdiction to consider a motion for summary judgment on the merits notwithstanding a pending interlocutory appeal from a motion denying appointment of counsel); *Liddell by Liddell v. Bd. of Educ. of City of St. Louis*, 73 F.3d 819, 823 (8th Cir. 1996) (reasoning that the defendant's appeal of the denial of attorneys' fees under 42 U.S.C. § 1988 divested the district court of jurisdiction to consider a second motion for attorneys' fees under a different theory); *Minnesota Voters All. v. Walz*, No. 20-CV-1688 (PJS/ECW), 2020 WL 6042398, at *1 (D. Minn. Oct. 13, 2020) (holding, where the plaintiff appealed the denial of a preliminary injunction and the defendant subsequently moved to dismiss, that the court lacked jurisdiction to consider the motion to dismiss because it raised the same arguments that the defendant raised in opposing the injunction; and that, even if jurisdiction existed, a stay pending appeal was warranted as an exercise of the court's discretion).

[2] *See, e.g.*, *Mallak v. Aitkin Cty.*, No. 13-CV-2119 (DWF/LIB), 2015 WL 13187116, at *6 (D. Minn. Oct. 14, 2015) (finding, where municipal employee defendants had appealed the denial of summary judgment based on qualified immunity, that a stay of discovery with respect to the municipal defendant was appropriate); *In re Nat'l Arb. F.*

The justification for this practice is two-fold. First, the legal and factual issues raised by a claim to immunity may often overlap with the merits of a case.[3] Where the immunity and merits issues are intertwined, any determination of the merits risks altering the status of the case on appeal, and the jurisdictional transfer principle therefore bars the district court from making such determinations. Second, a defendant's interlocutory appeal of an order denying an immunity is typically permitted because the immunity embodies an immunity from suit, rather than simply an immunity from damages. *See Mitchell v. Forsyth*, 472 U.S. 511, 525 (1985) ("[T]he denial of a substantial claim of absolute immunity is an order appealable before final judgment, for the essence of absolute immunity is its possessor's entitlement not to have to answer for his conduct in a civil damages action."). Thus, where a defendant appeals an interlocutory order denying an

---

*Trade Practices Litig.*, No. CIV09-1939 PAM/JSM, 2010 WL 1485959, at *1 (D. Minn. Apr. 12, 2010) ("There is also little question that such an appeal [of a motion to dismiss premised on qualified immunity] often requires a stay of the underlying litigation. Even without a stay, of course, this Court may not make any determinations regarding the issues on appeal." (citations omitted)); *Root v. Liberty Emergency Physicians, Inc.*, 68 F. Supp. 2d 1086, 1089 (W.D. Mo. 1999) (noting that "[m]any district courts, faced with a similar appeal and motion to stay after having denied immunity [on a motion to dismiss], determine that a stay of *all* proceedings is required pending the outcome of appeal," and staying proceedings pending the outcome of a defendant's appeal on the issue of sovereign immunity—even though other defendants in the case did not raise an immunity defense).

[3] By way of illustration, consider a suit brought against a police officer for an unconstitutional use of force under 42 U.S.C. § 1983. The elements of the police officer's claim to qualified immunity overlap with the merits of the plaintiff's claims: The plaintiff can succeed on the merits only if the officer violated her constitutional rights; and the plaintiff can overcome qualified immunity only if the court finds both that the officer violated her constitutional rights, and that those rights were clearly established. *See Atkinson v. City of Mountain View*, 709 F.3d 1201, 1207, 1211 (8th Cir. 2013) (succinctly stating the tests for a § 1983 claim and qualified immunity).

immunity from suit, for the district court to proceed to the merits of the case before resolution of the appeal would destroy the defendant's right to be free of the burdens of discovery and trial. *See* 16A Fed. Prac. & Proc. Juris. § 3949.1 (Wright & Miller, 5th ed.) ("But if further district court proceedings would violate the very right being asserted in the appeal taken under the collateral order doctrine—as is the case with claims of qualified immunity or double jeopardy—then the pendency of the appeal does oust the district court of authority to proceed . . . .").

The County argues that "[w]here an interlocutory appeal is taken on the grounds of immunity, a district court is not required to issue a stay." (Mem. in Response [Doc. No. 288], at 9.) But the cases the County cites are inapposite. The cases involve the question whether to stay *an order* while an appeal *of that order* is pending—the cases do not address whether the district court retains jurisdiction to issue further orders, following an interlocutory appeal on an immunity issue, under the jurisdictional transfer principle. *See Comm. on the Judiciary, U.S. House of Representatives v. Miers*, 575 F. Supp. 2d 201 (D.D.C. 2008) (analyzing whether to stay an order requiring the defendants to respond to a Congressional subpoena, where the defendants appealed that order on immunity grounds); *Miccosukee Tribe of Indians of Fla. v. United States*, No. 10-23507-CV, 2011 WL 5508802 (S.D. Fla. Nov. 8, 2011) (analyzing whether to stay an order requiring the Miccosukee Tribe to produce documents to the Internal Revenue Service, in light of the Tribe's appeal of that order on sovereign immunity grounds). As explained above, the rule is to the contrary: a district court is generally without jurisdiction to consider the merits of a case while a defendant's interlocutory appeal on an immunity issue remains pending, at

least where the issues on appeal overlap with the merits or proceeding to the merits would destroy the very right asserted on appeal.

In this case, for the Court to proceed to consider the reservation disestablishment question while Walsh and Lorge's appeal remains pending would violate the jurisdictional transfer principle. To be sure, the factual and legal issues presented in the pending motions are largely distinct from those addressed in the Court's December 21 Order. As the County rightly notes, a party may immediately appeal the denial of an immunity defense under the collateral order doctrine in part because that issue is *collateral* to the merits of the action. *See Mitchell*, 472 U.S. at 524–25. In that sense, the pending motions do not involve "those aspects of the case involved in the appeal." *Ledbetter*, 882 F.2d at 1347. However, by appealing this Court's ruling on their immunity defenses, Walsh and Lorge have necessarily brought their challenges to this Court's subject-matter jurisdiction before the Court of Appeals.[4] Consequently, to exercise jurisdiction over the pending motions would violate the very rights asserted in the appeal. And, importantly, any ruling on the pending motions would be mooted should the Court of Appeals find that this Court lacks subject-matter jurisdiction over the claims against Walsh and Lorge. Thus, judicial economy—a core justification for the jurisdictional transfer principle—weighs against considering the pending motions. *See Ledbetter*, 882 F.2d at 1347 (explaining that the jurisdictional

---

[4] *See Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 94 (1998) ("On every writ of error or appeal, the first and fundamental question is that of jurisdiction, first, of this court, and then of the court from which the record comes. This question the court is bound to ask and answer for itself, even when not otherwise suggested, and without respect to the relation of the parties to it." (quotation omitted)).

transfer principle "promotes judicial economy for it spares a trial court from considering and ruling on questions that possibly will be mooted by the decision of the court of appeals"). Because the Court's jurisdiction is an issue raised on appeal, and the resolution of Walsh and Lorge's appeal therefore might moot the Court's ruling on the disestablishment question, the Court finds that the pending motions for summary judgment are not collateral to the appeal.[5] Thus, the jurisdictional transfer principle divests the Court of jurisdiction over the motions.

Having found that the Notice of Appeal divests this Court of jurisdiction to consider the pending motions, at least with respect to Walsh and Lorge, the Court must determine how to proceed. The Band raises the possibility that the Court limit its ruling on the pending motions to the County, thereby proceeding with respect to the County but not the defendants involved in the appeal. However, the Band identifies many problems with this possibility, not least of which is that it is questionable whether the Band has standing to assert its claims against the County—premised as they are on conduct by Walsh and Lorge—should the claims against Walsh and Lorge be dismissed on appeal.[6] (*See generally*

---

[5] The County points out that only Walsh and Lorge—not the County itself—dispute this Court's jurisdiction on appeal. Thus, should Walsh and Lorge prevail, the Court's ruling on the disestablishment question would be mooted only as to Walsh and Lorge, and not the County. But for the reasons discussed in the next paragraph, the Court finds it would be inappropriate to proceed until the Court's ability to resolve the disestablishment question with respect to all defendants is assured.

[6] The Court here expresses no view on whether, should the Band's claims against Walsh and Lorge be dismissed, the Band's claims against the County would likewise need to be dismissed. It suffices to note, for purposes of the jurisdictional issue presented, that the Band's ability to proceed against the County should Walsh and Lorge prevail on their

Suppl. Mem. in Supp. of Pls.' Mot. for Summ. J. [Doc. No. 286], at 21-23.) The Court agrees with the Band, and like many other courts, finds that it would be improper to proceed against one defendant while the other defendants' interlocutory appeal remains pending. *Cf., e.g., Mallak v. Aitkin Cty.*, No. 13-CV-2119 (DWF/LIB), 2015 WL 13187116, at *6 (D. Minn. Oct. 14, 2015) (staying discovery with respect to a defendant who was not involved in an interlocutory appeal concerning co-defendants' immunity defenses); *Root v. Liberty Emergency Physicians, Inc.*, 68 F. Supp. 2d 1086, 1089 (W.D. Mo. 1999) ("Many district courts, faced with a similar appeal and motion to stay after having denied immunity [on a motion to dismiss], determine that a stay of *all* proceedings is required pending the outcome of appeal.").

Accordingly, the Court will stay these proceedings until the Court of Appeals issues its decision and returns jurisdiction to this Court.

## III.   CONCLUSION

Based on the submissions and the entire file and proceedings herein, **IT IS HEREBY ORDERED** that this matter is **STAYED** pending the resolution of Defendant Walsh and Lorge's appeal to the Eighth Circuit Court of Appeals, and the Court shall defer ruling on the parties' Cross-Motions for Summary Judgment [Doc. Nos. 223 & 239] until that time.

**IT IS SO ORDERED.**

---

appeal is sufficiently doubtful that the Band itself is uncertain whether it would lack standing to proceed.

Dated: April 14, 2021                          s/Susan Richard Nelson
                                               SUSAN RICHARD NELSON
                                               United States District Judge